UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JAMES KIRK FERCHO, | ) | Case No.  22-80726 |
| | ) | |
| Debtor. | ) | Judge Thomas M. Lynch |

| | | |
|---|---|---|
| PATRICK S. LAYNG, | ) | |
| United States Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 23-_____ |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES KIRK FERCHO, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE

The plaintiff, Patrick S. Layng, United States Trustee for the Northern District of Illinois, Western Division ("Plaintiff"), by his attorney, Brian P. Thill, alleges the following for his Complaint objecting to the discharge of the debtor-defendant, James Kirk Fercho ("Defendant"):

### Summary

The Defendant is a prior bankruptcy filer in this Court.  In anticipation of this case and throughout it, the Defendant attempted on multiple occasions to wrongly protect or hide his money and property.  Only after discovery of tens or even hundreds of thousands of dollars in accounts, $20,000 in silver, and multiple vehicles, did the Defendant then make an effort to disclose his additional unexempt wealth.  The Defendant then to the detriment of his creditors knowingly disobeyed and continues to disobey this Court's order compelling the Defendant to deliver estate property to the chapter 7 trustee.  The Defendant's discharge should be denied.

1

## Jurisdiction and Venue

1. This is an objection to the Defendant's discharge in a case arising under Title 11 of the United States Code.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(J).

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

4. This proceeding arises in and is related to the Defendant's bankruptcy case number 22-80726 ("Bankruptcy"), which is pending in this Court.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

6. The Plaintiff consents to the entry of final judgments and orders by the Bankruptcy Court.

## Parties

7. The Plaintiff is the United States Trustee for the Northern District of Illinois, Western Division.

8. The Plaintiff is authorized to bring this action pursuant to 28 U.S.C. § 586(a)(5) and 11 U.S.C. §§ 307 and 727(c)(1).

9. The Defendant is and has at all times been the debtor in the Bankruptcy.

## Facts

### Prior Cases

10. The Defendant previously filed the following voluntary chapter 13 bankruptcy petitions in this Court:

| Case | Petition date | Disposition |
|---|---|---|
| 10-72894 | 6/6/10 | 9/24/10 Dismissed |
| 10-75135 | 10/15/10 | 11/2/11 Dismissed |
| 12-80354 | 2/2/12 | 4/27/12 Dismissed with 180-day bar |

(collectively, "Prior Cases").

11. None of the Prior Cases were voluntarily dismissed by the Defendant, and the Defendant failed to confirm a chapter 13 plan in any of the Prior Cases.

12. During all times following dismissal of the Prior Cases, the Defendant knew or should have known the importance of making truthful statements in this Court.

13. During all times following dismissal of the Prior Cases, the Defendant knew or should have known the importance of complying with this Court's orders.

*Commencement of Current Bankruptcy as a Chapter 13*

14. The pending Bankruptcy was voluntarily commenced by the Defendant as a chapter 13 case on July 8, 2022 ("Petition Date").

15. The Defendant filed his initial schedules ("Initial Schedules") and statement of financial affairs ("Initial SOFA") (collectively, "Initial Filings") in the Bankruptcy on July 21, 2022.

16. The Defendant signed his Initial Filings under penalty of perjury.

17. The Defendant's response to question 17 of schedule A/B in the Initial Schedules reflects a single Chase checking account with a value of $0.00 ("Misrepresentation 1").

18. The Defendant's response to question 19 of schedule A/B in the Initial Schedules lists the Defendant's 100% interest in F2 General Contractors, Inc. ("F2"), with a value of $0.00 and "Assets" itemized as: "5/3 Bank 'Wisely Card' Debtor's earnings are paid to this card" ("Misrepresentation 2").

19. On the Petition Date, the Defendant was the sole owner of a x8002 Wisely deposit account ("Wisely Account").

20. On the Petition Date, the Wisely Account had a balance of not less than $113,400.73.

21. On the Petition Date, the Defendant was a joint owner of a x4464 Chase checking

3

account ("Joint Chase Account").

22. On the Petition Date, the Joint Chase Account had a balance of not less than $5,156.25.

23. The Defendant testified at his Bankruptcy chapter 13 meeting of creditors on August 15, 2022 ("Chapter 13 Meeting"), that he reviewed his Initial Filings before he signed them.

24. The Defendant testified at his Chapter 13 Meeting that his Initial Filings correctly list all of his assets ("Misrepresentation 3").

25. The Defendant testified at his Chapter 13 Meeting there were no changes required to his Initial Filings to make them more accurate ("Misrepresentation 4").

26. More than a month after the Chapter 13 Meeting, the Defendant filed an amended statement of financial affairs on October 4, 2022 ("Amended SOFA").

27. Nearly a month later, on October 27, 2022, the Defendant filed amended schedules C, D, E/F, and J ("First Amended Schedules").

28. Neither the Amended SOFA nor First Amended Schedules modified any information regarding the Wisely Account or Joint Chase Account ("Misrepresentation 5").

29. Following two objections to the Defendant's plan by the chapter 13 standing trustee, the Bankruptcy was converted to a case under chapter 11 on April 6, 2023.

*Conversion to Chapter 11*

30. The Defendant testified at his chapter 11 meeting of creditors on May 5, 2023 ("Chapter 11 Meeting"), that he read, reviewed, understood, and signed his Initial Filings before they were filed in the Bankruptcy.

31. The Defendant testified at his Chapter 11 Meeting that the information contained in the Initial Schedules, as amended by the Amended SOFA and First Amended Schedules, was true and correct ("Misrepresentation 6").

32. The Defendant testified at his Chapter 11 Meeting that no further amendments were required to his Initial Schedules, Amended SOFA, or First Amended Schedules ("Misrepresentation 7").

33. On May 16, 2023, the Plaintiff filed a motion to convert the Defendant's Bankruptcy to chapter 7 which alleged, among other things: failure to deposit Bankruptcy estate funds in a properly insured or collateralized debtor-in-possession account; failure to timely obtain and provide proof of insurance for Bankruptcy estate property; failure to timely file income tax returns; failure to provide adequate financial disclosures regarding F2 under oath; gross mismanagement of the Bankruptcy estate; and failure to produce documents requested by the Plaintiff.

34. Over the Defendant's objection, an order converting the Bankruptcy to chapter 7 was entered on June 22, 2023.

*Conversion to Chapter 7*

35. During all times since June 27, 2023, Joseph D. Olsen ("Trustee Olsen") has served as the chapter 7 Bankruptcy trustee and has been an officer of the Bankruptcy estate charged with custody of property of the Bankruptcy estate.

36. In an email to the Defendant's then-Bankruptcy counsel on July 19, 2023, Trustee Olsen requested that the Defendant provide the following to him on or before August 7, 2023: bank statements and a check register for any accounts where the Defendant is an owner or has signing authority, including but not limited to the Wisely Account; mortgages and mortgage loan payoff amounts; homeowners insurance declarations since the Petition Date; 2022 F2 and personal income tax returns; purchase documents for the Defendant's vehicles; and an explanation regarding thousands of dollars of silver bullion purchased by the Defendant after conversion to chapter 11, but before the Chapter 11 Meeting (collectively, "Olsen Requests").

37. The Defendant's then-Bankruptcy counsel acknowledged receipt of the Olsen

5

Requests within three hours of their sending.

38. On August 14, 2023, the night before the Defendant's chapter 7 meeting of creditors ("Chapter 7 Meeting"), the Defendant partially complied with the Olsen Requests and filed amended schedules A/B and C in the Bankruptcy (collectively "Second Amended Schedules").

39. For the first time on any of the Defendant's filings in the Bankruptcy, the Second Amended Schedules identified a balance in the Wisely Account of approximately $10,000, the existence of F2's x7014 Chase checking account opened 17 days after the Petition Date ("F2 Account"), and $20,000 of silver ("Silver").

40. Not less than $92,700 was transferred from the Wisely Account to the F2 Account after the Petition Date, but prior to conversion of the Bankruptcy to chapter 7.

41. Although the Second Amended Schedules report a balance in the F2 Account of $180,579.29, and F2 has never had any debt, the Defendant's Second Amended Schedules valued F2 as $0.00.

42. Upon information and belief, at no time during the Defendant's Bankruptcy have the Wisely Account, F2 Account, or Joint Account been completely or even partially exempt.

43. The Defendant testified at the Chapter 7 Meeting on August 15, 2023, that he read, understood, and signed his Initial Filings, Amended SOFA, First Amended Schedules, and Second Amended Schedules filed with the Court.

44. The Defendant testified at his Chapter 7 Meeting that the information contained in the Initial Filings, as amended by the Amended SOFA, First Amended Schedules, and Second Amended Schedules, was true and correct ("Misrepresentation 8").

45. The Defendant testified at his Chapter 7 Meeting that his Initial Filings, as amended by the Amended SOFA, First Amended Schedules, and Second Amended Schedules, correctly list all of his property ("Misrepresentation 9").

6

*Motion to Compel*

46. After filing an initial report of assets and an application to employ counsel, Trustee Olsen filed a motion to compel the Defendant to comply with the Olsen Requests and for turnover of Bankruptcy estate property on September 21, 2023 ("Motion to Compel").

47. Nearly a month after the Motion to Compel was filed and on October 17, 2023, the Defendant filed a second set of amendments to schedules A/B & C ("Third Amended Schedules").

48. Over the Defendant's objection, an order granting Trustee Olsen's Motion to Compel as to the Silver was entered on November 6, 2023, and Trustee Olsen filed a motion to sell the Silver on December 20, 2023.

49. Over the Defendant's objection, an order granting Trustee Olsen's Motion to Compel as to the Wisely Account and F2 Account was entered in the Bankruptcy on December 15, 2023 ("Order Compelling").

50. The Order Compelling required the Defendant to deliver the Wisely Account and F2 Account fund balances as of June 22, 2023, to Trustee Olsen within seven days of entry of the Order Compelling, or on or before December 22, 2023.

51. Upon information and belief, the Defendant has failed to deliver any portion of the Wisely Account and F2 Account funds as of June 22, 2023, to Trustee Olsen as of the time of the filing of this Complaint.

*Silver*

52. The Defendant was the debtor-in-possession during all times when the Bankruptcy was pending as a chapter 11.

53. The Defendant did not seek or obtain an order from the Court in the Bankruptcy before purchasing the Silver.

54. The Defendant had never purchased bullion in his life prior to the Silver purchase.

7

55. When asked what the reason for purchasing the Silver was it at that time, the Defendant testified at the Chapter 7 Meeting after a four-second pause, "Hmm. Ah, well, hedge against the U.S. Dollar" ("Misrepresentation 10").

56. At no point in time was the Silver exempt property.

*Mercedes*

57. Except for the Defendant's 2017 Porsche Panamera ("Porsche") and the Defendant's 2019 Land Rover ("Land Rover"), no vehicles are listed as assets or former assets of the Defendant or F2 on the Initial Filings, Amended SOFA, First Amended Schedules, Second Amended Schedules, or Third Amended Schedules.

58. The Defendant testified at the Chapter 13 Meeting that F2 has no assets other than its deposit account.

59. Upon information and belief, one 2010 Mercedes-Benz R350 4-Matic V6, VIN 4JGCB6FE3AA111694 ("Mercedes") has since approximately November 6, 2015, been titled in name to the Defendant's co-habitant for a decade and fiancée, Victoria Nee ("Nee").

60. The Defendant testified at the Chapter 13 Meeting that he and Nee are "pretty much married without the legal paper."

61. The Defendant testified at the Chapter 11 Meeting that the Mercedes is his work vehicle, Nee drives the Defendant's Porsche as her daily vehicle, and the Defendant's Land Rover is driven more infrequently, for example, to transport their household's dogs.

62. The Defendant testified at the Chapter 11 Meeting that the Mercedes "has all my flooring samples in it . . . that's my office."

63. The Defendant testified at the Chapter 11 Meeting that F2 pays the Mercedes' maintenance and fuel.

64. The Defendant depreciated the Mercedes as a business asset on his individual 2021

8

federal income tax return.

65. Upon information and belief, the Defendant and/or F2 is and has been a beneficial owner of the Mercedes on and during all times since the Petition Date.

*Audi*

66. Upon information and belief, the Defendant has since approximately June 5, 2017, continuously been the titled owner of one 2006 Audi A4 2.0T Quattro, VIN WAUDF78EX6A175610 ("Audi").

67. The Defendant testified at the Chapter 7 Meeting that he bought the Audi as a graduation present for his daughter more than five years ago, and she presently lives outside of the state of Illinois.

68. The Defendant has continuously insured the Audi and paid for the Audi's insurance premiums since its purchase.

69. No payments made for the benefit of an insider are reflected on either the Initial SOFA or Amended SOFA.

70. The Defendant's insurance policy identifies only the Defendant and Nee as eligible drivers for the Audi.

71. The Defendant's insurance policy identifies the location of the Defendant's residence to be in Huntley, Illinois.

72. The Defendant's insurance policy identifies the Audi's use as "Work < 15."

73. The closest out-of-state location to the Defendant's residence is more than 23 miles and 37 minutes away driving.

74. The Defendant's First Amended Schedules attempted to exempt the Audi.

75. Upon information and belief, the Defendant had an interest in the Audi on and during all times after the Petition Date.

76. The Defendant was aware he had an interest in the Audi on or during one or more times after the Petition Date.

## COUNT I
## 11 U.S.C. § 727(a)(2) – Transfer or Concealment of Property

77. The Plaintiff incorporates the allegations set forth in the preceding paragraphs as though fully set forth in this Count.

78. Section 727(a)(2) of the Bankruptcy Code provides that the Court shall grant the debtor a discharge, unless with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property of the estate, the debtor has transferred, removed, destroyed, mutilated, or concealed, or permitted any of the foregoing, any of the debtor's property during the course of the bankruptcy or within one year of the filing of the bankruptcy.

79. Upon information and belief, on or during one or more times after the Petition Date, the Defendant intended to hinder, delay, or hide from the Bankruptcy estate and the Defendant's creditors all or a portion of the funds in the Wisely Account and/or Joint Account.

80. At the time he filed the Bankruptcy, the Defendant intended to retain all or a portion of the funds in the Wisely Account and/or Joint Account for his, F2's, or Nee's partial or complete benefit.

81. Upon information and belief, on or during one or more times after the F2 Account was opened on July 25, 2022, the Defendant intended to hinder, delay, or hide from the Bankruptcy estate and the Defendant's creditors all or a portion of the funds in that account.

82. On or during one or more times after July 25, 2022, the Defendant intended to retain all or a portion of the funds in the F2 Account for his, F2's, or Nee's partial or complete benefit.

83. Upon information and belief, the Defendant intended to purchase the Silver for one or more other reasons than which he stated at the Chapter 7 Meeting.

84. At the time of its purchase, the Silver was property of the Bankruptcy estate.

85. At the time he purchased the Silver, the Defendant intended to retain all or portion of the Silver or its proceeds for his individual or collective benefit.

86. At the time he purchased the Silver, the Defendant intended to hide all or a portion of the Silver or its proceeds from the Bankruptcy estate and the Defendant's creditors.

87. Upon information and belief, at no time during the Defendant's Bankruptcy have both the Mercedes and Audi been completely exempt.

88. Upon information and belief, on or during one or more times after the Petition Date, the Defendant intended to hide the Mercedes from the Bankruptcy estate and the Defendant's creditors.

89. At the time he filed the Bankruptcy, the Defendant intended to retain the Mercedes for his, F2's, or Nee's partial or complete benefit.

90. Upon information and belief, on or during one or more times after the Petition Date, the Defendant intended to hide the Audi from the Bankruptcy estate and the Defendant's creditors.

91. At the time he filed the Bankruptcy, the Defendant intended to retain the Audi for his or his daughter's partial or complete benefit.

WHEREFORE, the Plaintiff respectfully requests that this Court enter an order denying the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(2) and granting any additional appropriate relief.

## COUNT II
## 11 U.S.C. § 727(a)(4)(A) – False Oath

92. The Plaintiff incorporates the allegations set forth in the preceding paragraphs as though fully set forth in this Count.

11

93. Section 727(a)(4) of the Bankruptcy Code provides that the Court shall grant the debtor a discharge, unless among other things, the debtor has made a false oath, presented or used a false claim, or withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

94. "For purposes of an action under Section 727(a)(4), a fact is material 'if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property.'" *In re Urbonas*, 539 B.R. 533, 547 (Bankr. N.D. Ill. 2015) (quoting *Stamat v. Neary*, 635 F.3d 974, 982 (7th Cir. 2011)).

95. In "determining whether or not an omission is material, the issue is not merely the value of the omitted assets or whether the omission was detrimental to creditors." *Stamat*, 635 F.3d at 982.

96. Nor is it necessary to show harm to creditors or the estate. *Village of San Jose v. McWilliams*, 284 F.3d 785, 793 (7th Cir. 2002).

97. The "cumulative effect of false statements may, when taken together, evidence a reckless disregard for the truth," and "a showing of reckless disregard for the truth is sufficient to prove fraudulent intent." *Stamat*, 635 F.3d at 982.

98. Misrepresentation 1 bore a relationship to the Defendant's Bankruptcy estate or concerned the discovery of assets, business dealings, or the existence or disposition of the Defendant's property.

99. The Defendant knew or should have known Misrepresentation 1 was false at the time it was made.

100. Misrepresentation 2 bore a relationship to the Defendant's Bankruptcy estate or concerned the discovery of assets, business dealings, or the existence or disposition of the

12

Defendant's property.

101.    The Defendant knew or should have known Misrepresentation 2 was false at the time it was made.

102.    Misrepresentation 3 bore a relationship to the Defendant's Bankruptcy estate or concerned the discovery of assets, business dealings, or the existence or disposition of the Defendant's property.

103.    The Defendant knew or should have known Misrepresentation 3 was false at the time it was made.

104.    Misrepresentation 4 bore a relationship to the Defendant's Bankruptcy estate or concerned the discovery of assets, business dealings, or the existence or disposition of the Defendant's property.

105.    The Defendant knew or should have known Misrepresentation 4 was false at the time it was made.

106.    Misrepresentation 5 bore a relationship to the Defendant's Bankruptcy estate or concerned the discovery of assets, business dealings, or the existence or disposition of the Defendant's property.

107.    The Defendant knew or should have known Misrepresentation 5 was false at the time it was made.

108.    Misrepresentation 6 bore a relationship to the Defendant's Bankruptcy estate or concerned the discovery of assets, business dealings, or the existence or disposition of the Defendant's property.

109.    The Defendant knew or should have known Misrepresentation 6 was false at the time it was made.

110.    Misrepresentation 7 bore a relationship to the Defendant's Bankruptcy estate or

concerned the discovery of assets, business dealings, or the existence or disposition of the Defendant's property.

111. The Defendant knew or should have known Misrepresentation 7 was false at the time it was made.

112. Misrepresentation 8 bore a relationship to the Defendant's Bankruptcy estate or concerned the discovery of assets, business dealings, or the existence or disposition of the Defendant's property.

113. The Defendant knew or should have known Misrepresentation 8 was false at the time it was made.

114. Misrepresentation 9 bore a relationship to the Defendant's Bankruptcy estate or concerned the discovery of assets, business dealings, or the existence or disposition of the Defendant's property.

115. The Defendant knew or should have known Misrepresentation 9 was false at the time it was made.

116. Misrepresentation 10 bore a relationship to the Defendant's Bankruptcy estate or concerned the discovery of assets, business dealings, or the existence or disposition of the Defendant's property.

117. The Defendant knew or should have known Misrepresentation 10 was false at the time it was made.

WHEREFORE, Plaintiff, the United States Trustee, respectfully requests that this Court enter an order denying the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(4)(A) and granting any additional appropriate relief.

## COUNT III
## 11 U.S.C. § 727(a)(6) – Failure to Obey Order of the Court

118. The Plaintiff incorporates the allegations set forth in the preceding paragraphs as though fully set forth in this Count.

119. Section 727(a)(6) of the Bankruptcy Code provides that the Court shall grant the debtor a discharge, unless the debtor has failed to obey any lawful order of the court, other than an order to respond to a material question or to testify.

120. The Defendant is aware of entry of the Order Compelling.

121. The Defendant is or should be aware that the Order Compelling required him to deliver the Wisely Account and F2 Account funds as of June 22, 2023, to Trustee Olsen on or before December 22, 2023.

122. The Defendant is aware that he has failed to deliver any portion of the Wisely Account and F2 Account funds as of June 22, 2023, to Trustee Olsen.

123. The Order Compelling is a lawful order of this Court.

124. The Order Compelling does not require the Defendant to respond to a material question or to testify.

125. The Defendant failed to timely obey the Order Compelling.

126. The Defendant continues to fail to obey the Order Compelling.

127. The Defendant's failure to comply with the Order Compelling has actually harmed the Bankruptcy estate and the Defendant's creditors.

WHEREFORE, the Plaintiff respectfully requests that this Court enter an order denying the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(6) and granting any additional appropriate relief.

Dated:  December 29, 2023					Respectfully submitted,

							PATRICK S. LAYNG
							Plaintiff-United States Trustee


					By:	*/s/ Brian P. Thill*
							BRIAN P. THILL
							Attorney for the Plaintiff

Office of the United States Trustee
780 Regent Street, Suite 304
Madison, Wisconsin 53715
(608) 264-5522, extension 5646
Brian.P.Thill@usdoj.gov

16